## CHAMPENOIS & BLANKS *v.* DONALD CO.*

(Division A. April 8, 1929.)

[121 So. 485. No. 27461.]

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 1184, p. 1136, n. 31.

*Martin Miller,* for appellants.

*Bozeman & Cameron,* for appellee.

SMITH, C. J. This is an appeal from a money judgment in an action at law in which the judgment was affirmed on a former day. The appeal bond, which includes a *supersedeas,* recites that: "We, Champenois and Blanks, a partnership composed of P. G. Blanks and Thorn Champenois, Principal, and the American Surety Co. of New York, Sureties, are held and firmly bound unto the Donald Company of Quitman, Mississippi, in the penal sum of two thousand twelve dollars and eighteen cents," etc. The signatures to the bond are as follows: "Champenois and Blanks, a Partnership, by P. G. Blanks [Seal], T. Champenois [Seal], J. M. McBeath [Seal]." McBeath is an agent of the American Surety Company at Meridian, Mississippi. The clerk of this court included the American Surety Company in the judgment rendered here on the affirmance of the case, and the surety company now moves this court to correct this judgment by eliminating it therefrom.

The appellants were represented in the court below, and on the appeal, by J. M. McBeath and Hugh K. Mahon, Jr., attorneys, composing the firm of McBeath & Mahon, the litigation being looked after by Mahon. Proof was here made by means of affidavits. An exhibit, filed with an affidavit by McBeath, sets forth that the American Surety Company has appointed B. J. Carter and E. B. Williams as resident vice presidents of the company, and J. M. McBeath as resident assistant secretary of the company, at Meridian, Mississippi, and that: "The president, the vice presidents and the resident vice presidents be, and they hereby are, and each of them is hereby, authorized and empowered to execute and deliver any and all surety bonds and undertakings for or on behalf of this company, in its business and ir

accordance with its charter; such bonds and undertakings to have in every instance, however, the seal of this company affixed thereto, and to be attested by the signature of the secretary, an assistant secretary, or a resident assistant secretary of this company.''

According to McBeath, he has delivered bonds only when signed in accordance with this power of attorney, while, according to an affidavit for the appellee, McBeath has been acting as the sole agent for the company at Meridian, and delivered bonds as such. McBeath states that his partner, Mahon, prepared this bond, but that he (McBeath), being of the opinion that the surety company would not accept it, signed his own name thereto intending to become himself the surety thereon. Under section 49, Code 1906 (section 24, Hemingway's 1927 Code), appeal bonds must have more than one surety therein unless the surety is a guaranty company. The bond was delivered to the clerk of the court below by Mahon, according to the clerk's evidence, as a surety bond, and was accepted by him as such. The court stenographer, in order to ascertain whether his fee for the transcript of the evidence was secure, stated that he inquired of Mahon as to the bond, and was advised by him that a surety bond would be given. A certificate by the insurance commissioner, under whose supervision the statute places surety companies, sets forth that, at the request of the American Surety Company, he authorized McBeath to act as the company's agent at Meridian.

It is clear from this evidence that McBeath was authorized by the surety company to deliver surety bonds, and, consequently, he must be held as its agent under section 2672, Code 1906 (Hemingway's 1927 Code, section 5934), which provides that: ''Every person who shall so far represent any such company as to receive or transmit applications for suretyship or to receive for delivery bonds founded on applications from state, or otherwise to procure suretyship to be effected by said

company upon the bonds of persons or corporations in this state, or upon bonds given to persons or corporations in this state, shall be deemed as an agent for such company. No person shall act as an agent for such company until such company shall have complied with all of the requirements of this chapter, under penalty of a fine of one thousand dollars.''

Under this section, when a bond is delivered by an agent of a surety company as the bond of such company, the company is estopped from denying his authority so to do, or that the signatures thereto are not such as to bind the company. But it is said by counsel for appellants that this bond does not purport to bind the company, for the reason that McBeath's signature thereto does not so indicate. The body of the bond sets forth that the surety therein is the American Surety Company, and the signature thereto is that of its authorized agent. It is true that this signature does not indicate that McBeath in signing the bond was acting as the agent of the surety company, but that fact is of no consequence, though the promise of the surety company should be held to be to answer for the debt or defalcation or miscarriage of another person. Section 4775, Code 1906 (Hemingway's 1927 Code, section 3325); *Curtis* v. *Blair,* 26 Miss. 309, 59 Am. Dec. 257; *Phillips* v. *Cornelius* (Miss.), 28 So. 871; 1 Williston on Contracts, pp. 562, 1136; 2 C. J. 672; 27 C. J. 298.

, *Overruled.*